

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2006

# USA v. Stanford

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Stanford" (2006). *2006 Decisions.* Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-5332

UNITED STATES OF AMERICA

v.

MARK L. STANFORD,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 04-cr-00184
District Judge: The Honorable David S. Cercone

Argued October 25, 2006

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed November 1, 2006)

Paul D. Boas (Argued)
5th Floor
429 Fourth Avenue
Law & Finance Building
Pittsburgh, PA 15219
        *Counsel for Appellant*

Robert L. Eberhardt
Michael L. Ivory (Argued)
Office of the United States Attorney
700 Grant Street
Suite 400
Pittsburgh, PA 15219
        *Counsel for Appellee*

---

OPINION

---

SMITH, *Circuit Judge.*

In the spring and early summer of 2001, Mark L. Stanford wanted to purchase a boat from Fox Chapel Sea Ray priced at $437,693. All that was standing in the way of that purchase was his lack of the necessary funds and his inability to obtain the requisite credit. Undeterred, Stanford devised a scheme to obtain both the funds and the credit. The scheme eventually unraveled. On July 27, 2004, Mark L. Stanford waived his right to be indicted and pleaded guilty to an Information charging him with violating 18 U.S.C. § 1344(1) by using a scheme and artifice to defraud First Union Bank "[f]rom in or around June of 2001, and continuing thereafter until May of 2002 . . . ."

Thereafter, Stanford vigorously challenged several aspects of the presentence report (PSR) prepared in advance of his sentencing. The only relevant challenge for purposes of this appeal is his assertion that the PSR erroneously used the 2001 edition of the United States Sentencing Guidelines (U.S.S.G. or Guidelines) instead of the 2000 edition, thereby committing an *ex post facto* violation. According to Stanford, all of the fraudulent activity occurred in June 2001. Because this activity occurred when the 2000 edition of the Guidelines was in effect, Stanford contends that the District Court erred by using the 2001 version which did not become effective until November 1, 2001.

Application of the 2001 edition of the Guidelines yielded an advisory guideline

2

range of 18 to 24 months. Using the 2000 edition of the Guidelines, however, would have resulted in a guideline range of 10 to 16 months. Although the District Court used the 2001 edition of the Guidelines, the Court departed downward and imposed a sentence of eight months of imprisonment.

Stanford appealed, contending that the District Court erred by failing to use the more favorable 2000 edition of the Guidelines. The District Court had jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). "We exercise plenary review over whether the District Court applied the correct version of the Sentencing Guidelines." *United States v. Brennan*, 326 F.3d 176, 197 (3d Cir. 2003) (citing *United States v. Bertoli,* 40 F.3d 1384, 1403 (3d Cir.1994)).

The District Court recognized that U.S.S.G. § 1B1.11(b)(1) instructs that it must "use the Guidelines Manual in effect on the date that the offense of conviction was committed." To determine when the offense of conviction was committed, the District Court relied upon Application Note 2 of U.S.S.G. § 1B1.11, which provides that "[u]nder subsection (b)(1), the last date of the offense of conviction is the controlling date for *ex post facto* purposes." We find no error in the District Court's application of the 2001 edition of the Guidelines. As the Supreme Court instructed in *United States v. Broce*, 488 U.S. 563 (1989), a guilty plea "'is more than a confession which admits that the accused did various acts.' *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). It is an 'admission that he committed the crime charged against him.' *North Carolina v. Alford,* 400 U.S. 25, 32

3

(1970)." *Broce*, 488 U.S. at 570. Here, the Information charged that the scheme and artifice to defraud "continu[ed] thereafter until May of 2002." Thus, Stanford's admission that he engaged in fraudulent activity after November 1, 2001 provided a sufficient basis for the District Court to apply the 2001 edition of the Guidelines. *See United States v. Moscony*, 927 F.2d 742, 754 (3d Cir. 1991) (rejecting the contention that there was an *ex post facto* violation by applying the new version of the Guidelines inasmuch as the RICO offense of conviction was a "straddle crime" that continued after the effective date of the new guidelines).

We will affirm the judgment of the District Court.